448 So.2d 659 (1984)
STATE of Louisiana
v.
Roy Lee WILLIAMS.
No. 82-KA-2249.
Supreme Court of Louisiana.
February 27, 1984.
Rehearing Denied March 23, 1984.
*661 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Scott Crickton, Carey *662 T. Schimpf, C.M. Estopinal, Asst. Dist. Attys., for plaintiff-appellee.
Timothy Fischer, Donald Minor, Asst. Indigent Defender, for defendant-appellant.
MARCUS, Justice.
Roy Lee Williams was charged by bill of information with aggravated burglary in violation of La.R.S. 14:60. After trial by jury, he was found guilty as charged and sentenced to serve twenty years at hard labor with credit for time served. On appeal, defendant relies on seven assignments of error for reversal of his conviction and sentence.[1]
About 2:00 a.m. on December 24, 1980, Gussie Lipson was awakened in her bedroom by a man standing over her with his hands around her mouth and neck. Her screams aroused her son, Ashley Lipson, who was visiting her from out of town. He ran to the lighted hallway and came face to face with the intruder who swung at him, grazing his cheek, and then fled and escaped from the house. The police were able to lift a fresh fingerprint from the inside of the aluminum screen window which had been bent back to allow entry. Among the items taken was Mrs. Lipson's purse which contained gold jewelry, a billfold with over five hundred dollars cash and car keys. Ten months later, new information led the police to successfully match the latent fingerprint taken from the Lipson home with defendant's prints on file. Defendant was arrested on November 4, 1981. The following day he made an inculpatory statement. Mr. Lipson picked defendant's photograph out of a lineup later that month and at trial made an in-court identification of defendant as the burglar.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to suppress his inculpatory statement.
Defendant was arrested on November 4, 1981 by Officer Danny Parker pursuant to an arrest warrant obtained by him two days earlier. Officer Parker's affidavit for the warrant recited that he had received an anonymous telephone call on October 30, 1981 advising him that Roy Lee Williams had burglarized the house at the Lipson's address, that he then pulled the incident report from December 24, 1980 and requested a comparison of the latent prints taken from the point of entry at the Lipson home with those on file for Williams, that a match with Williams' right middle finger was obtained, and that the complainant Gussie Lipson had stated that the suspect broke into her home and committed a theft and a battery.
The day following his arrest, after again being advised of his rights, defendant made an inculpatory statement. Defendant filed a motion to suppress this statement which, after a hearing, was denied by the trial judge.
La.Code Crim.P. art. 202 provides that a warrant of arrest shall be issued when
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.
Probable cause for an arrest exists when the facts and circumstances known to the police and of which the police have reasonably trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed a crime. The magistrate's independent judgment that probable cause exists for the issuance of an arrest warrant may be based on the facts and circumstances *663 asserted in the affidavit as well as those asserted verbally by the officer at the time the warrant is obtained. The fact that a better showing of probable cause could be made by the affiants does not detract from the showing of probable cause that is made. State v. Rodrigue, 437 So.2d 830 (La.1983). Minor inaccuracies in these assertions may not affect the validity of the warrant. However, if intentional misrepresentations designed to deceive the issuing magistrate are made by the affiants seeking to obtain the warrant, the warrant must be quashed. Alternatively, if unintentional misstatements are included, these misstatements must be excised and the remainder used to determine whether or not probable cause for the issuance of a warrant is set forth. State v. Rey, 351 So.2d 489 (La.1977). Similarly, when the affiant omits material facts without an intent to deceive, the reviewing court must add the omitted facts to those originally included and retest the sufficiency of the showing of probable cause. State v. Lehnen, 403 So.2d 683 (La.1981).
Defendant asserts affiant Parker knew the identity of the anonymous tipster. Defendant points out that Officer Parker revealed at trial that about two hours after the phone call on October 30, 1981 a confidential informant Irving Johnson turned over the car keys taken in the burglary to Officer Parker and stated that he had been one of the lookouts when defendant burglarized the Lipson home. However, Officer Parker repeatedly testified that he never learned the identity of the anonymous caller and specifically that he still did not know if Irving Johnson was that caller. The trial judge considered the evidence clear that the anonymous caller's identity and Irving Johnson were separate and distinct matters. The record supports this conclusion. Hence, we find no misrepresentation was made in the affidavit in this regard. Also, defendant asserts that the affidavit's final recitation that "complainant stated to affiant that the suspect broke into complainant's home ..." mistakenly implies that Gussie Lipson identified defendant as the man who burglarized her home, when in fact she has never done so. It is evident from the testimony that Officer Parker simply used the neutral word "suspect" in summarizing the incident report in order to detail the crime. We consider it unlikely the magistrate in context thought Mrs. Lipson had actually identified defendant herself originally because the whole first paragraph sets out the investigative process by which defendant was linked by fingerprint to the crime. Moreover, even if the affidavit does misrepresent that Mrs. Lipson identified defendant, if this misrepresentation is excised, the fingerprint match alone supplies probable cause for defendant's arrest. Finally, defendant asserts that Officer Parker knew that defendant had worked as a yard man for Mrs. Lipson, which could account for the fingerprint on the metal screen at the point of entry, and that this material omission should be added to the affidavit's facts to negate probable cause. However, the record clearly shows that Officer Parker did not learn of defendant's minimal work for the Lipsons done over three years prior to the burglary until weeks after the arrest, and, in any case, both sides' expert testimony agreed the latent fingerprint could not have been over a month old. Thus, the absence of this fact from the affidavit was neither an omission nor material.
In sum, the affidavit recited sufficient facts to establish probable cause for the issuance of the arrest warrant. Hence, the trial judge did not err in denying defendant's motion to suppress.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in overruling his objection to the state's possible use of defendant's additional criminal record not included in the state's original discovery response.
On November 12, 1981, defendant filed a motion for discovery which included a request for a copy of any record of defendant's *664 arrests and convictions. The state responded on November 18, 1981 with a copy showing two prior charges. On March 16, 1982, after the selection of the jury the previous day but before any witnesses were sworn, the district attorney tendered defendant a copy of his rap sheet which he had just received. It apparently listed additional arrests. Defendant objected to the state's later use for impeachment of any convictions not listed by the state in its original discovery response. The trial judge overruled the objection, finding no bad faith by the state and noting further that defendant had mentioned the possible use of prior convictions for impeachment of defendant during voir dire examination. Defendant did not take the stand; thus, his criminal record was never presented to the jury.
Upon motion of defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody. La.Code Crim.P. art. 717. The duty to disclose is a continuing one. La.Code Crim.P. art. 729.3. Where the defendant has been lulled into a misapprehension of the strength of the state's case by the failure to fully disclose, such a prejudice may constitute reversible error. However, there is no duty on the part of the state to disclose information which it does not possess. Therefore, exclusion of evidence is a sanction which is not available where the state has promptly informed defendant of the receipt of additional evidence, even though the new matter is uncovered at an inopportune time for the defense. State v. Alpine, 404 So.2d 213 (La.1981); State v. Fisher, 380 So.2d 1340 (La.1980). Moreover, the failure of the state to comply with the discovery procedure will not automatically command reversal. State v. Ray, 423 So.2d 1116 (La. 1982). The defendant must show prejudice before this court will reverse his conviction. State v. James, 396 So.2d 1281 (La.1981).
In the instant case, the district attorney supplied defendant with the "more lengthy" rap sheet promptly upon receipt. Moreover, during voir dire, defendant had mentioned the possible use of prior convictions for impeachment purposes. Under the circumstances, we consider that the state substantially complied with La.Code Crim.P. arts. 717 and 729.3. In addition, defendant suffered no prejudice. Hence, the trial judge did not abuse his discretion in overruling defendant's objection.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in refusing to grant him a recess so that he could prepare his case in light of exculpatory evidence disclosed to him during trial.
Defendant requested in his discovery motion (filed on November 12, 1981) disclosure of all exculpatory evidence in the district attorney's possession, custody, control or knowledge. The state responded that it had none other than the "anonymous phone call which led to the fingerprint analysis and match." On March 11, 1982, the prosecutor learned that the car keys taken in the burglary had been recovered and so informed defendant that day, also stating that the state would not use them at trial. However, Ashley Lipson's statement during the suppression hearing on March 16 that Officer Parker had just returned the keys to him led to a later inquiry of Officer Parker by the prosecutor. He only then learned that Officer Parker had obtained the keys on October 30, 1981 from Irving Johnson, a confidential informant who had come in to file a simple battery charge against defendant. Johnson had also given a statement then that he was involved among other things with defendant in this burglary and that defendant was the person who had entered the Lipson home.
The prosecutor promptly informed defendant of this information in chambers on the morning of March 18, the fourth day of trial. Defendant moved for a mistrial. After a hearing on this motion, it was learned that Johnson already had been subpoenaed *665 by defendant and was in fact present. When the trial judge denied this motion, defendant then requested a recess from Thursday noon until Monday. The trial judge offered defendant a recess of several hours and asked defendant to articulate the extent of his asserted reevaluation of defense strategy mandated by this revelation. After further discussion in which defendant declined any recess shorter than overnight, the trial judge denied the motion. Following the lunch recess, defendant elicited from Officer Parker on cross-examination before the jury that Irving Johnson had given him the Lipsons' keys on October 30, 1981 and made a statement implicating himself and defendant in the Lipson burglary after a fight with defendant, but that Johnson had never been charged.
This court has noted that the late disclosure as well as the nondisclosure of exculpatory evidence can so prejudice a defendant that he is deprived of his constitutional right to a fair trial. State v. Landry, 388 So.2d 699 (La.1980). A recess is one of a wide range of sanctions available if the trial judge believes that late discovery deprived defendant of the opportunity to effectively present favorable evidence to the trier of fact. State v. Arnaud, 412 So.2d 1013 (La.1982); State v. Roussel, 381 So.2d 796 (La.1980). The decision to grant or deny a recess is within the sound discretion of the trial judge and will not be overturned on appellate review absent a clear abuse of discretion. State v. Warren, 437 So.2d 836 (La.1983); State v. Robertson, 358 So.2d 931 (La.1978).
In the instant case, it is doubtful that the recovery of the car keys was exculpatory evidence when considered in the context of Johnson's statement that he participated in the burglary with defendant whom he named as the intruder. Even if some exculpatory value could be attributed to this evidence, defendant brought out the information fully on cross-examination of Officer Parker. In addition, Johnson was present and available to be called as a witness. Under the circumstances, we do not consider that the late disclosure of the evidence in question prejudiced defendant. Clearly, he was not deprived of a fair trial. Hence, the trial judge did not abuse his discretion in denying a recess.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in permitting the state to enlarge upon the substance of defendant's inculpatory statement as supplied to defendant in response to his pretrial motion for discovery.
Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer. La.Code Crim.P. art. 716(C).
The state responded that defendant made the following statement on November 5, 1981 to Officers Danny Parker and Gary Smith:
He stated he did not break into the residence, but he did remove the screen and Reggie Smith went inside and took some items. He stated he had been in one other residence but couldn't remember where.
The state and defendant agreed before trial that the reference to another burglary would not be mentioned.
At trial, Officer Parker was asked if the defendant after his arrest had voluntarily answered questions concerning the burglary at the Lipson residence on December 24, 1980. Officer Parker replied that the defendant had stated that "he had been at the address on that date." Defendant interrupted, objecting that the inclusion of the words "on that date" impermissibly expanded the account beyond the ambit of the discovery response. Outside the presence of the jury, the trial judge overruled the objection, holding that under a common sense interpretation the state's discovery response revealed that the defendant *666 meant his statement to relate to the particular crime for which he was being questioned.
We agree. The record shows that the testimony of Officers Parker and Smith concerning defendant's inculpatory statement followed the substance of the statement as provided to defendant in the state's discovery response. Therefore, the trial judge did not err in overruling defendant's objection.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred in imposing an excessive sentence.
The defendant was sentenced to serve twenty years at hard labor. The maximum penalty that defendant faced was imprisonment for thirty years at hard labor. At the sentencing hearing, the trial judge considered evidence of defendant's personal history and the nature of his crime. Defendant, then age twenty-one, had two prior convictions, one being a juvenile shoplifting offense. The other was a plea bargained conviction for attempted misdemeanor theft in October 1979 resulting from an unsuccessful attempt by defendant and a partner to break into an occupied house. At the time of this crime, defendant was on probation following a two-year suspended sentence for that prior conviction. The trial judge also considered that the victim Gussie Lipson was a very frail sixty-one year old woman whom defendant knew normally resided alone in that house. The trial judge concluded it was likely that defendant would commit another crime if given probationary treatment.
La. Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable on appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Given compliance with La.Code Crim.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge's wide sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979). The penalty imposed must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Under the circumstances, we are unable to say that the trial judge abused his discretion in sentencing defendant to twenty years at hard labor. We do not consider the penalty imposed so disproportionate to the crime committed as to shock our sense of justice. Hence, we do not find defendant's sentence excessive.
Assignment of Error No. 7 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 2 and 4. Hence, we consider them to have been abandoned. State v. Carlisle, 315 So.2d 675 (La.1975); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).