GOTHARD, Judge.
The defendant, Ronald Lewis, was charged by bill of information filed on December 15, 1989 with four counts of distribution of a controlled dangerous substance, to wit: cocaine (LSA-R.S. 40:967). Following the trial court’s denial of defendant’s motion to suppress on June 28, 1990 the defendant withdrew his former plea of not guilty and pled guilty as charged to all four counts of the bill of information. He reserved his right to appeal the denial of his motion to suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976) and withdrew the motion to suppress as to the first count. The court sentenced him to five years at hard labor on each of the four counts, the sentences to run concurrently, with credit for time served.
At the time Lewis was arrested, the Gretna police department had created a narcotics task force to “crack down” on the local narcotics dealers. Undercover agents were sent into areas where drug activity was known to take place and made drug purchases for the purpose of apprehending the dealers. In October and November Lewis sold crack cocaine to agent Corey Jackson on three separate occasions and to another agent on a fourth occasion. Two warrants were subsequently issued for the defendant’s arrest.
The only assignment of error is the trial court’s denying the defendant’s motion to suppress.
The defendant contends that the hearsay allegations contained in the warrant, standing alone, did not present sufficient information upon which the reviewing magistrate could find probable cause.
LSA-C.Cr.P. art. 202 provides that a warrant of arrest shall issue when:
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.
The court in State v. Williams, 448 So.2d 659, 662 (La.1984), explained that:
... Probable cause for an arrest exists when the facts and circumstances known to the police and of which the police have reasonably trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed a crime. The magistrate’s independent judgment that probable cause exists for the issuance of an arrest warrant may be based on the facts and circumstances asserted in the affidavit as well as those asserted verbal *567 ly by the officer at the time the warrant is obtained....
Hearsay is admissible to show probable cause for an arrest. State v. Jenkins, 338 So.2d 276 (La.1976). The affidavits by Detective William Cambre in the instant case stated that Agent Corey Jackson told him that an informant introduced him to Ronald Lewis; that on October 12, 1989 at 710 Cook Street, Agent Jackson purchased five units of crack cocaine from the defendant for $100; and that on October 14, 1989 in the 600 block of Cook Street, the defendant sold ten rocks of crack cocaine to Agent Jackson for $200. The affidavits further recited that a field test showed a positive reaction for cocaine.
We find that the arrest warrants, based upon Detective Cambre’s affidavits, comply fully with LSA-C.Cr.P. art. 202(1). As the affidavits were valid, the defendant’s assignment of error is without merit.
In accordance with LSA-C.Cr.P. art. 920(2), we have reviewed the record for errors patent, including the court’s interrogation of the defendant prior to accepting the guilty plea in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We have discovered no errors on the face of the record.
Accordingly, for the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.