In re Walter, Sullivan; — Defendant(s); applying for writ of certiorari and/or review; to the Court of Appeal, Fourth Circuit, No. 94KA-2221; Parish of Orleans, Criminal District Court, Div. “J”, No. 315-877.
Granted. This case is remanded to the Fourth Circuit for reconsideration. The correct standard for determining the materiality of the evidence in this case is not the outcome-determinative test provided by La. C.Cr.P. art. 851(3) for the granting of new trials on the basis of newly discovered evidence, i.e., whether the petitioner has shown more probably than not a different result will follow a second trial in which all evidence material to the issue of guilt or punishment is disclosed to the jury. State v. Talbot, 408 So.2d 861, 884 (La.1981) (on rehearing). The untimely disclosure as well as non-disclosure of exculpatory evidence may deprive the defendant of a fair trial. State v. Williams, 448 So.2d 659, 665 (La.1984); State v. Landry, 388 So.2d 699, 702 (La.1980). The correct standard of review in this ease therefore “is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.” *1341 Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995). On remand, the court of appeal must determine whether as the result of the state’s untimely disclosure, the inability of the defense to place all evidence relevant to the reliability of the victim’s identification testimony “ ‘undermines confidence in the outcome of trial.’” Kyles, 514 U.S. at 434, 115 S.Ct. at 1566 (quoting United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1984).
TRAYLOR, J., not on panel.