719 So.2d 610 (1998)
STATE of Louisiana, Appellee,
v.
William OWENS, Appellant.
No. 30903-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1998.
*613 Peggy J. Sullivan, Louisiana Appellate Project, Monroe, for Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
The defendant, William Owens, was convicted of unauthorized use of a motor vehicle and sentenced to serve ten years at hard labor. In the same proceeding, he was also convicted of theft and sentenced to serve two years at hard labor, with the sentences to be served concurrently. The defendant appeals his convictions and sentences, arguing numerous assignments of error. For the following reasons, we affirm.

FACTS
On December 19, 1996, between nine and 10:00 p.m., Jerry Walker and his cousin, Mark Wilford, drove Mr. Walker's turquoise or blue 1988 Chevrolet Corsica to the U-Pak-It convenience store in Winnsboro, Louisiana. The car had Mississippi license plates. Due to a mechanical defect, Mr. Walker left the engine running while he went into the store. Shortly thereafter, Mr. Wilford got out of the car to use a pay telephone and then joined Mr. Walker inside the store. When the two exited the store, the car was missing. Two females in the parking lot informed the men that the car had been taken. Law enforcement officials were alerted that the vehicle had been stolen.
Between 10:30 and 10:45 p.m. the defendant arrived at the Shell Stop N Save store in Winnsboro. The clerk, Vernando Buckner, recognized the defendant because Mr. Buckner's uncle was married to the defendant's sister. Mr. Buckner noted that the defendant arrived in a Chevrolet Corsica with Mississippi license plates. Mr. Buckner had not seen the defendant driving the vehicle prior to that evening. The defendant approached Mr. Buckner at the store counter and asked for change for a $100.00 bill. Mr. Buckner counted out five $20.00 bills. The defendant then took the money, but did not give Mr. Buckner a $100.00 bill in return. As he exited the store, the defendant told Mr. Buckner to "call the law." The defendant left the scene driving the blue Corsica. Mr. Buckner immediately reported the robbery and identified the defendant by name. A video in the store camera captured the offense on film.
Franklin Parish Sheriff's Deputy James Alexander was investigating the report of the stolen Corsica when the call came regarding the robbery at the Shell Stop N Save. Deputy Alexander then found the stolen Corsica stalled in reverse against a stop sign. The defendant was the sole occupant of the vehicle. The defendant exited the car on the driver's side and attempted to walk away. Deputy Alexander asked the defendant if he was Owens and the defendant responded affirmatively. A confrontation ensued and the defendant was arrested and handcuffed. Mr. Buckner identified the defendant as the individual who took $100.00 from the Shell store. The defendant was charged by bill of information with unauthorized use of a motor vehicle and middle grade theft ($100.00 or more but less than $500.00.)
*614 The defendant was tried by jury and found guilty as charged. He was sentenced on October 16, 1997 to serve ten years at hard labor for unauthorized use of a motor vehicle and to serve two years at hard labor for theft. The sentences were ordered to be served concurrently. The defendant's timely filed motion for reconsideration of sentences was denied by the trial court. The defendant appealed, arguing several assignments of error.

SUFFICIENCY OF EVIDENCE
The defendant argues that there was insufficient evidence adduced at trial to support his convictions for unauthorized use of a motor vehicle and theft. This argument is without merit.[1]
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994); State v. Francis, 96-2389 (La.App. 4 Cir. 4/15/98), 715 So.2d 457. This is not a separate test from Jackson v. Virginia, but is instead an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431 (La. App. 4 Cir. 11/30/95), 665 So.2d 1224; State v. Francis, supra.
In State v. Chism, 436 So.2d 464 (La.1983), our supreme court stated that La. R.S. 15:438 (which sets forth the rule as to circumstantial evidence) "may not establish a stricter standard of review than [the more general reasonable doubt standard, but] it emphasizes the need for careful observance of the [reasonable doubt] standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Goodjoint, 30,727 (La.App.2d Cir.6/24/98), 716 So.2d 139.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. V, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision *615 to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied 97-1203 (La.10/17/97), 701 So.2d 1333.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App.2d Cir.10/30/96), 682 So.2d 847.

Unauthorized Use of a Motor Vehicle
Unauthorized use of a motor vehicle is defined in La. R.S. 14:68.4 which provides in pertinent part:
A. Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.
The defendant points out that no witness testified at trial who saw him take Jerry Walker's 1988 Corsica from the convenience store parking lot. Therefore, he claims there is no evidence to refute the possibility that someone else stole the car, without the defendant's knowledge and then gave the defendant permission to drive the vehicle.
Jerry Walker testified that his 1988 Chevrolet Corsica was taken from the parking lot of the U-Pak-It between nine and 10:00 p.m. on the evening of December 19, 1996. Mr. Walker testified that his cousin, Mark Wilford and two women witnessed the car theft. Even though neither Mr. Wilford nor the women testified at trial, Mr. Walker testified that one of the women, Shantell Jordan, reported that the car was taken by a "big guy." The defendant fits this description. Mr. Walker also testified that he did not know the defendant and did not give him permission to use the car.
Vernando Buckner, the clerk of the Shell Stop N Save, knew the defendant and testified that the defendant drove up to the store between 10:30 and 10:45 p.m. on December 19, 1996 in a Corsica matching the description of the vehicle stolen from Mr. Walker earlier in the evening. After taking money from Mr. Buckner, the defendant fled the scene in the Corsica with Mississippi license plates. Shortly after the report that the defendant had taken money at the Shell Stop N Save, Deputy James Alexander found the stolen vehicle stalled against a stop sign with the defendant in the driver's seat.
These facts are sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant intentionally took or used a motor vehicle belonging to Jerry Walker without Mr. Walker's permission. All the elements necessary for a conviction for unauthorized use of a motor vehicle were proven beyond a reasonable doubt in this case.

Theft
Theft is defined in La. R.S. 14:67 which provides in pertinent part:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential....
B.(2) When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
The elements of theft have been enumerated as follows: (1) there must be a misappropriation or taking; (2) the object of the misappropriation or taking must be a thing of value; (3) the thing must belong to another; and (4) the misappropriation or taking must be with the intent to deprive the owner permanently of the thing taken. State v. Pittman, 368 So.2d 708 (La.1979); State v. Byars, 550 So.2d 876 (La.App. 2d Cir.1989).
The defendant contends that when he was apprehended by Deputy Alexander only a *616 short time after the robbery, he had only one $20.00 bill on his person. He also claims that the in-store videotape was not of sufficient quality to show that he took five $20.00 bills from the store attendant, Vernando Buckner. Therefore, he contends that there was insufficient evidence upon which to base his conviction for theft of $100.00.
We find that there was sufficient evidence in the record to support the defendant's theft conviction. Vernando Buckner's unrefuted testimony established that he knew the defendant and that the defendant entered the Shell Stop N Save on the evening of December 19, 1996 and requested change for a $100.00 bill. Mr. Buckner also testified that he gave the defendant five $20.00 bills and the defendant then fled the store without giving a $100.00 bill in exchange for the funds received. The videotape corroborated Mr. Buckner's testimony. As stated above, in the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact is sufficient support for a requisite factual conclusion. In this case, the testimony of Mr. Buckner establishes all of the essential elements of theft set forth above and establishes the amount of money taken. What may have become of the funds after the defendant took them from Mr. Buckner is immaterial. Mr. Buckner's testimony, corroborated by the videotape provides sufficient evidence for the defendant's conviction of theft of $100.00.

MOTION FOR CONTINUANCE
The defendant contends that the trial court erred in denying his motion for a continuance in order to allow him additional time to consult with counsel prior to trial. The defendant's attorney stated for the record that he had not had sufficient time to consult with his client and discuss the facts of the case. The defendant also alleged that he had not had an opportunity to provide counsel with a list of witnesses to be called on his behalf in this matter. The defendant contends that the trial court's decision to deny a continuance in this case denied him effective assistance of counsel and the right to compulsory process. The defendant argues the court's ruling was particularly erroneous coming directly after the decision that the defendant's appointed counsel would not be relieved of his duty to represent the defendant.[2] This argument is without merit.
La.C.Cr.P. art. 707 provides:
A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice.
Under this article, a motion for continuance must be in writing but, under extenuating circumstances, an oral motion is sufficient. State v. Bullard, 29,662 (La.App.2d Cir.9/24/97), 700 So.2d 1051. The defendant contends that this case presents extenuating circumstances.
The decision whether to grant or refuse a motion for continuance rests within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent a clear abuse of discretion. La.C.Cr.P. art 712; State v. Bullard, supra. Each determination is case specific. Generally, convictions will not be reversed for the improper denial of a motion for continuance absent a showing of specific prejudice. State v. Bullard, supra.
Unless defense counsel has such minimal time to prepare that the "fairness" of the proceeding is questionable, the defendant must show specific prejudice arising out of the denial of a continuance. State v. Henderson, 28,932 (La.App.2d Cir.12/11/96), 684 So.2d 1054; State v. Williams, (La.App. *617 2d Cir.1992), 605 So.2d 686, writ denied 612 So.2d 66 (La.1993); State v. Jones, 395 So.2d 751 (La.1981).
The right to counsel of choice, set forth in La.C.Cr.P. art. 515, cannot be manipulated to obstruct the orderly procedure of the courts and cannot be used to interfere with the fair administration of justice. The defendant must exercise his right to counsel of his choice at a reasonable time, in a reasonable manner and at an appropriate stage of the proceedings. State v. Seiss, 428 So.2d 444 (La.1983).
During the motion to remove counsel, the defendant contended that he had not seen his counsel or had an opportunity to discuss the case with him. The defendant also averred he had witnesses who could testify on his behalf and that he had not provided the names of those persons to his appointed counsel. The defendant refused to inform the court of the name of any such witnesses, claiming the information was "confidential."
The court considered the testimony of the defendant as well as that of Deputy Hoytt Erwin and the defendant's appointed counsel, James M. Stephens. According to the record, the defendant was given at least three opportunities prior to trial to consult with his attorney. The defendant was brought to the parish courthouse. Deputy Erwin stated that on one occasion, the defendant began yelling and screaming during the meeting to such an extent that he disrupted court proceedings. Due to the defendant's belligerent and uncooperative behavior, he was taken back to the detention center. According to Deputy Erwin, if the defendant had not engaged in such disruptive behavior, he could have stayed as long as necessary to consult with his attorney. Mr. Stephens testified that he attempted to meet with the defendant on two other occasions to prepare for trial, but the defendant refused to cooperate.
The record shows that the defendant was belligerent in court at the present hearing and throughout the trial. At one point during this hearing the trial court threatened to have the defendant gagged. Based upon our review of the record, we find that the defendant's failure to adequately communicate with his attorney is attributable only to the defendant's own behavior. Adequate access to his attorney was not denied the defendant. The failure to communicate and cooperate with an appointed attorney is not grounds for a continuance. State v. Williams, 605 So.2d 686 (La.App. 2d Cir. 1992). As in Williams, the defendant's own decision not to cooperate with his legal representative clearly stands responsible for any unpreparedness on the scheduled trial date. Furthermore, such actions by the defendant are manipulative and designed to interfere with the fair administration of justice. State v. Williams, supra; State v. Seiss, supra; State v. Hines, 311 So.2d 871 (La.1975). Under these circumstances, the defendant has failed to demonstrate that the trial court erred in denying his motion for continuance.

ADMISSION OF VIDEOTAPE
The defendant argues that the trial court erred in allowing the prosecution to introduce into evidence the videotape from the Shell Shop N Save, showing the defendant taking the five $20.00 bills from the store clerk, Vernando Buckner. The defendant contends that the prosecution stated on two occasions that the tape could not be found and then it was produced on the day of trial. The defendant asserts that the prosecution had a duty to find and produce the tape timely and that, due to the late disclosure of the existence of the tape, the prosecution should have been barred from using it. According to the defendant, he was lulled into a misapprehension of the strength of the state's case by the absence of the video. He contends that, because the discovery rules were not complied with, the trial court's failure to bar the use of the tape at trial constitutes reversible error. This argument is without merit.
La.C.Cr.P. art. 718 provides in pertinent part:
Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, *618 photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:
(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
This article provides that the defense is entitled to inspect tangible objects and photographs which are in the possession of the state and which the state intends to use at trial. La.C.Cr. P. art. 729.3 imposes a continuing duty on the prosecution to produce such evidence once it comes within its possession. State v. Guy, 575 So.2d 429 (La. App. 4th Cir.), writ denied 578 So.2d 930 (La.1991).
The purpose of discovery rules in criminal trials is to eliminate unwarranted prejudice from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Gantt, 616 So.2d 1300 (La.App. 2d Cir.), writ denied, 623 So.2d 1302 (La.1993); State v. Williams, 25,835 (La.App.2d Cir.2/23/94), 632 So.2d 893.
Failure to comply with the discovery provisions is governed by La.C.Cr.P. art. 729.5 which provides in pertinent part:
A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
The failure of the state to comply with the discovery procedure will not automatically command reversal. Sanctions for failure to comply with discovery motions are solely within the discretion of the trial judge and reversal is warranted only when there is an abuse of discretion and prejudice is shown. State v. Gantt, supra; State v. Williams, supra.
Where the defendant has been lulled into a misapprehension of the strength of the prosecution's case by failure to disclose fully, such prejudice may then constitute reversible error. State v. Williams, 448 So.2d 659 (La. 1984); State v. Huff, 27,212 (La.App.2d Cir.8/23/95), 660 So.2d 529, writ denied 96-0212 (La.5/1/97), 693 So.2d 754. We are required to review the record to determine whether any prejudice which may have resulted from the noncompliance caused the trier of fact to reach the wrong conclusion. State v. Huff, supra.
Although there is a continuing duty of disclosure under La.C.Cr. P. art. 718, there is no duty on the part of the state to disclose information which it does not possess. Therefore, exclusion of the evidence is a sanction which is not available where the state has promptly informed the defendant of the receipt of additional evidence, even though the new material is uncovered at an inopportune time for the defense. State v. Williams, 448 So.2d 659 (La.1984); State v. Christopher, 561 So.2d 935 (La.App. 2d Cir.), writ denied 567 So.2d 1124 (La.1990).
We find that the trial court did not err in this case in finding that there was no violation of the discovery rules. The facts show that both the prosecution and the defense were aware of the existence of a store videotape of this offense. However, the state was unable to find the tape and, in good faith, informed the defense on two occasions that the tape was lost. In fact, the tape was in the possession of the Franklin Parish Sheriff's Office, where it had been since the commission of this offense. The tape was given to the prosecution shortly before trial and the prosecutor immediately informed defense counsel of its existence. The prosecutor and defense counsel viewed the tape together shortly before the trial began. Neither party, therefore, had advance knowledge of the tape. Further, the defense was aware of the import of the testimony of the store clerk, Vernando Buckner, that the defendant took five $20.00 bills from the store. The videotape was merely cumulative *619 and corroborative of Mr. Buckner's testimony. Also, the videotape was not exculpatory. We find that the trial court decision to allow the videotape to be used at trial was correct and is supported by the jurisprudence of this state.
In State v. Guy, supra, the fourth circuit was presented with a fact situation very similar to that of the present case. In Guy, the prosecutor and defense counsel were aware that a store security tape had captured the commission of an armed robbery. However, neither party had possession of the tape and it was assumed that it had either been lost or erased. On the eve of trial, the store owner looked for and found the tape, still in his possession and turned it over to the prosecutor. The state immediately informed defense counsel of the tape's existence and made it available. Over the defendant's objection, the videotape was used at trial. The court found that, because the prosecution disclosed the videotape to the defense as soon as its existence was discovered, there was no discovery violation.
Similarly, in State v. Hopkins, 94-337 (La. App. 3d Cir.11/2/94), 649 So.2d 673, law enforcement officials had a videotape of a drug transaction involving the defendant. The state informed defense counsel of the existence of the tape and the two viewed the tape together with a police officer operating the video equipment. The tape was viewed five or six times, but only a segment of the tape was viewed due to the police officer's mistaken belief that only one segment was on the tape. When the officer discovered his mistake, he notified the state. Defense counsel was promptly notified by the prosecutor and the missing segment was viewed approximately one hour prior to trial. Defense counsel objected to the admissibility of the previously unviewed segment of the videotape. The trial court found no bad faith on the part of the state and no prejudice to the defendant. Therefore, the entire videotape was admitted.
The defendant in the present case argues that, under Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), a prosecutor has the duty to learn what the police know in preparing a case. He contends that the prosecutor should have discovered and disclosed the videotape earlier and that the failure to do so should result the state not being allowed to use the tape against the defendant at trial. We find that Kyles is inapposite to the present case. In Kyles, the United State Supreme Court dealt with the failure to disclose exculpatory Brady material to the defendant. The court stated that the individual prosecutor has a duty to learn of any evidence favorable to the defendant known to others acting on the government's behalf in the case, including the police. As admitted by defendant in his brief, in this case, the videotape was not exculpatory. Although inculpatory, it was merely cumulative of the eyewitness testimony of Mr. Buckner regarding the theft. Therefore, because the state promptly disclosed the videotape to the defendant and the tape was inculpatory and was merely corroborative and cumulative of the evidence presented against the defendant, we affirm the trial court ruling that no discovery violation occurred. The defendant was not unfairly prejudiced by use of the videotape at trial.

CLOSING ARGUMENT
The defendant argues that the trial court erred in limiting his closing argument, infringing on his ability to present a defense. The defendant claimed that the state, in its bill of information, alleged that the value of the vehicle taken was greater than $1,000.00 and that the amount taken in the theft was more than $100.00 but less than $500.00. The defendant contends that the state failed to prove the value of the vehicle taken and offered no proof that more than $100.00 was taken in the theft. The defendant objects that the trial court erroneously prohibited him from arguing in his closing that the state failed to prove the allegations of the bill of information. This argument is without merit.
Under La.C.Cr.P. art. 774, closing argument is restricted to the evidence admitted, to the lack of evidence and to the conclusion of fact that the state or defendant may draw therefrom. State v. Kennon, 588 So.2d 1348 (La.App. 2d Cir.1991), writ denied 600 So.2d 634 (La.1992); State v. Huff, supra. *620 Although a trial judge must respect the important role that closing argument plays in the criminal trial, he has great latitude in controlling the duration and scope of that argument. State v. Washington, 614 So.2d 711 (La.1993).
The vital function of an indictment is to inform the accused of the nature and cause of the accusation against him. State v. Kennerson, 96-1518 (La.App. 3d Cir.5/7/97), 695 So.2d 1367. Where an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced or surprised by lack of notice, the technical sufficiency of the indictment may not be questioned where no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the prosecution. State v. James, 305 So.2d 514 (La.1974).
In count one of the bill of information in this case the defendant is charged with the following:
On or about December 19, 1996 the defendant(s), William Owens, committed unauthorized use of Motor Vehicle, to wit: a blue older model chevy [sic] Corsica with Mississippi tags belonging to Jerry Walker, in Winnsboro, La., of a value greater than one thousand dollars in violation of La. R.S. 14:68.4.
The charge contained in count two is as follows:
On or about December 19, 1996 the defendant, William Owens, committed theft of $100.00 from Shell Stop N Save in Winnsboro, La. in violation of La. 14:67 with aggregate value of all money or merchandise take [sic] being more than $100.00 but less than $500.00.
Prior to closing arguments, defense counsel alerted the trial court to his intention to argue that the state did not prove that the car taken was valued at more than $1,000.00 or that the amount of money taken was more than $100.00. Following a hearing, the trial court found the irrelevant language in the bill of information to be mere surplusage under La.C.Cr.P. art. 486 and held that the defendant's proposed closing argument on these issues would only serve to confuse and mislead the jury.
La.C.Cr. P. art. 470 provides:
Value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense.
La.C.Cr.P. art. 486 provides:
An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because it contains repugnant allegations. Unnecessary allegations may be disregarded as surplusage.
The statute defining unauthorized use of a motor vehicle, La. 14:68.4 does not include the value of the vehicle as an element of the offense. Therefore, the state was not required to prove the value of the car taken by the defendant. The unnecessary additional language in the bill of information is of no moment to the offense with which the defendant was charged. The inclusion of the value of the car in the bill of information was mere surplusage. The trial court did not err in prohibiting the defendant's argument that the prosecution had not proven the offense charged in the bill of information. See State v. Jones, 347 So.2d 200 (La.1977); State v. Sam, 304 So.2d 659 (La.1974).
Further, the charge of theft of $100.00 was clear and did not surprise or prejudice the defendant. La. R.S. 14:67(B)(2) provides that middle grade theft is the misappropriation or taking of amounts of one hundred dollars or more, but less than the value of five hundred dollars. The defendant was placed on notice that he was accused of taking $100.00 from the Shell Stop N Save in violation of La. R.S. 14:67. The remainder of the sentence in the bill of information is mere surplusage.
In this case, the bill of information against the defendant fully and fairly informed him of the nature of the action and the charges against him. He has failed to show that he was surprised or prejudiced by the indictment. Therefore, we find that the trial *621 court did not abuse its discretion in limiting the defendant's closing argument in this case.

EXCESSIVE SENTENCE
The defendant argues that the trial court erred in imposing excessive sentences in this case. The defendant was sentenced to ten years at hard labor for unauthorized use of a motor vehicle and two years at hard labor for theft of $100.00, the sentences to run concurrently. The sentences are the maximum periods of incarceration that may be imposed for these offenses. The defendant's timely filed motion for reconsideration was denied by the trial court. The defendant contends the trial court placed undue emphasis at sentencing on his extensive criminal history without adequately determining the accuracy of the charges. He also contends that the trial court was unduly influenced by the defendant's abrasive personality.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988).
The second step of the inquiry requires an examination of the case and the background of the defendant. A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock one's sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (1984); State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Walker, supra.
In sentencing the defendant, the trial court complied with the provisions of La. C.Cr.P. art. 894.1, giving extensive reasons for the sentences imposed. The trial court noted defendant's personal history, age, family ties, marital status, health and employment record, prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. The trial court stated that defendant was born in Winnsboro, Louisiana in 1949; he received a diploma from Franklin Parish Training School when he was 17 years old; he's never been married and has no children; he takes medication for a heart problem; he has no known juvenile record. The court also noted the defendant's lengthy criminal history as an adult, dating back to 1967, including convictions for four counts of forgery, presenting a money order with the intent to defraud, bogus checks, a possession of controlled dangerous substance. The trial court noted defendant is at least a second felony offender. In addition, the trial court noted the defendant has numerous charges whose dispositions are unknown. Although the defendant claimed that he did not commit all the offenses listed in the presentence investigation report, he failed to make any *622 showing that the report contained false information prejudicial to him. See State v. Helsley, 457 So.2d 707 (La.App. 2d Cir.1984).
The trial court noted defendant's refusal to cooperate with the officers of the court preparing the presentence report, as well as the numerous problems he caused in the detention center. The trial court offered defendant a chance to address these issues of his character which defendant declined.
The trial court concluded that defendant was in need of a custodial environment; that there is a serious risk he would commit other crimes; that his criminal conduct harmed other people; that he had not led a law-abiding life for virtually any period of time; that his imprisonment will not entail excessive hardship to himself; that he has no dependents or family; and that he has been very uncooperative with the court and his own attorney.
We also find that the sentences imposed in this case were not unconstitutionally excessive. As discussed above, the defendant has an extensive criminal history and was belligerent and uncooperative throughout these proceedings. Under these circumstances, the imposition of the maximum sentences of incarceration on the defendant was not an abuse of discretion. The sentence is well within the trial court's sentencing discretion, is tailored to both the offender and the offenses, and does not shock the sense of justice.

CONCLUSION
For the reasons stated above, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The record does not reflect that the defendant filed a motion for post verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. Nevertheless, this court has elected to consider sufficiency arguments even in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
[2] On the morning of trial, the defendant sought to have his appointed counsel relieved of his duty to represent the defendant. The defendant sought to have the court appoint different counsel. The court denied the defendant's request. The defendant objected to the trial court's ruling in his assignments of error. However, that argument has been abandoned on appeal.