STATE OF LOUISIANA

VERSUS

CARLSHANE DENNIS

NO. 21-K-180

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

May 26, 2021

Susan Buchholz
First Deputy Clerk

IN RE STATE OF LOUISIANA

APPLYING FOR  SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT,
PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
VERCELL FIFFIE, DIVISION "A", NUMBER 20,26

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT GRANTED**

The State seeks supervisory review of the trial court's March 22, 2021 judgment, granting the defendant Carlshane Dennis's motion to suppress evidence: a firearm found on the defendant's person at the time of his arrest.  The trial court found, after a hearing on March 1, 2021, that the warrant affidavit failed to present the "totality of circumstances" to the magistrate due to omitting that the witness/victim had previously stated that he was unable to identify the shooter, and if it had, the warrant would not have been approved.  Because we find the trial court was erroneous, we grant the State's writ and reverse the judgment of the trial court.

La. C.Cr.P. art. 703(D) provides that the defendant generally has the burden of proving the grounds of a motion to suppress.  The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures.  As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant.  *State v. Every*, 19-40 (La. App. 5 Cir. 5/23/19), 274 So.3d 770, 776, *writ denied*, 19-1048 (La. 10/1/19), 280 So.3d 159.  La. C.Cr.P. art. 202(A) states that an arrest warrant shall be issued when a magistrate has probable cause to believe that an offense was committed and the person against whom the complaint was made committed it, upon an application and affidavit specifying the nature, date, and place of the offense, name of offender, and person injured.

In this case, a judge was presented with an application for an arrest warrant by Detective Pineda for the defendant for three counts of attempted second-degree murder and one count of second-degree murder.[1]  The warrant affidavit provided the following:

---

[1] The State failed to obtain a grand jury indictment for those charges, and the defendant is currently only charged with possession of a firearm by a convicted felon based on the firearm found on the defendant during a search incident to arrest.

21-K-180

On May 29, 2019, the St. John the Baptist Sheriff's Office responded to a shooting, resulting in four victims: Jordan Carter, Richard Jasmine, Jau'keem Reynaud, and Kyree Jones.[2] A white KIA Soul was observed on License Plate Recognition cameras traveling at a high rate of speed on the same block immediately before and after the shooting. On January 8, 2020, one of the victims, Jordan Carter, requested an interview with detectives to speak about the shooting. He was transported from jail, where he was incarcerated on unrelated charges. The victim stated on May 29, 2019, he spoke to Darrius [Williams] and told him to pass by for illegal narcotics. Shortly afterward, a white vehicle drove up and opened fire. The victim stated that he saw Mr. Williams in the front seat, and "Shaggy" armed in the backseat. The victim told detectives that "Shaggy" shot him and his friends. Other detectives identified "Shaggy" as the defendant. Thereafter, the victim positively identified the defendant from a six-person lineup. Thus, the affidavit complied with La. C.Cr.P. art. 202(A)'s requirement of specifying the nature, date, and place of the offense along with the name of the offender and victim

The defendant claims the warrant had significant omissions and inconsistencies. The defendant asserts that Detective Pineda was reckless in failing to include information in the warrant affidavit regarding the victim's initial statement to detectives that he could not identify the shooter. The affidavit does not specifically state that eight months passed between the offense and the identification. The affidavit also does not state that other possible suspects were identified throughout the investigation.

Detective Pineda testified at the hearing that the victim was initially interviewed by her in the hospital on June 9, 2019, and he told her that three people were in the vehicle but he could not see who was in the car. Detective Pineda acknowledged she was initially told by an anonymous individual that "Rondell Dewey" accepted a hit placed on the victims, but he was not arrested. She interviewed Ryan Stewart and found evidence relating to the shooting on his cell phone. Detective Pineda contends that she did not intentionally mislead the magistrate to obtain the warrant. She was not aware of any motive that the victim would have to lie regarding the defendant. She denied promising the victim anything, and the witness explained his prior failure to identify the defendant because of his fear of retaliation.

A magistrate must be given enough information to make an independent judgment that probable cause exists to issue a warrant. *State v. Green*, 02-1022 (La. 12/4/02), 831 So.2d 962, 968. "The process [of determining probable cause] simply requires that enough information be presented to the issuing magistrate to enable him to determine that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal justice system." *State v. Rodrigue*, 437 So.2d 830, 833 (La. 1983) (*citing Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965)). For an affiant to make a material and intentional misrepresentation to a magistrate constitutes a fraud upon the court and will result in the invalidation of the warrant and suppression of the items seized. *State v. Byrd*, 568 So.2d 554, 559 (La. 1990); *State v. Williams*, 448 So.2d 659, 663 (La. 1984). However, if the misrepresentations or omissions are inadvertent, negligent, or are included without an intent to deceive, the correct procedure is for the warrant to be retested for probable cause after striking the misrepresentation or supplying the omitted information. *State v. Casey*, 99–0023 (La.1/26/00), 775 So.2d 1022, 1029, *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).

---

[2] Mr. Jones died from his injuries.

2

When ruling on a motion to suppress, the trial court is afforded great discretion, and its ruling will not be disturbed absent an abuse of its discretion. *State v. Nicholas*, 06-903 (La. App. 5 Cir. 4/24/07), 958 So.2d 682, 686. The task for a reviewing court is simply to ensure that under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed. *State v. Payne*, 10-46 (La. App. 5 Cir. 1/25/11), 59 So.3d 1287, 1296, *writ denied*, 11-387 (La. 9/16/11), 69 So.3d 1141. Within its four corners, an affidavit must contain the facts establishing the existence of probable cause for issuing the warrant. *Id.* The magistrate's determination of probable cause to issue a warrant is entitled to significant deference on review, and because of "the preference to be accorded to warrants" marginal cases should be resolved in favor of a finding that the issuing magistrate's judgment was reasonable." *State v. Rodrigue,* 437 So.2d 830, 833 (La. 1983)(quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

The trial court found that the weapon at issue should be suppressed because it was seized arising out of an unlawful arrest resulting from an inadequate warrant based upon incomplete information. In its judgment, the trial court stated that the officer failed to disclose to the court how the information was obtained, the time-lapse, as well as the inconsistencies within the witness's statements. The court found that the identification was "opportunistic and questionable." The court found that the testimony of the detective indicated that she had not questioned or assessed the veracity of the victim's statements and apprehended the defendant without any corroborating evidence.

However, the trial court failed to state that the omission was intentional. Without the finding that the material facts are omitted with an intent to defraud, it was an error to invalidate the warrant. Instead, the reviewing court must add these facts to those originally included in the affidavit and retest the sufficiency of the showing of probable cause. *State v. Williams*, 448 So.2d 659 (La. 1984). The Louisiana Supreme Court has stated:

> [a]ffidavits, by their nature, are brief, and some factual details must be omitted. Unless the omission is willful and calculated to conceal information that would indicate that there is not probable cause or would indicate that the source of other factual information in the affidavit is tainted, the omission will not change an otherwise good warrant into a bad one.

*State v. Roubique,* 421 So.2d 859, 863 (La. 1982).

While the trial court was concerned with the veracity of the witness and his inconsistent statements, it focused more on the credibility of the witness than on whether there was probable cause. The determination of probable cause depends on whether the evidence supports the reasonable belief that a person has committed a crime, but does not require "the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands, and credibility determinations are seldom crucial." *State v. Simms,* 571 So.2d 145, 148 (La.1990).

The documents attached to the instant writ application demonstrate that Detective Pineda believed probable cause existed to arrest the defendant based on the statement of the victim, who was an eyewitness to the shooting. Although the trial court found the identification to be "opportunistic and questionable," the defendant failed to provide any evidence to show that Detective Pineda willfully tried to conceal information or that the victim had a motive or reason to lie. Detective Pineda stated the victim's fear of retaliation was his explanation for his previous failure to identify the shooters. Also, the

victim's later statement implicated himself in a narcotics transaction with one of the shooters on the night of the incident, and "[i]t is not uncommon for many individuals to deny guilty knowledge when first questioned by authorities." *State v. McCartney*, 96-58 (La. App. 3 Cir. 10/9/96), 684 So.2d 416, 422, *writ denied*, 97-0508 (La. 9/5/97), 700 So.2d 503. Further, the defendant failed to show that the omissions were "dispositive, so that if the omitted fact[s] were included, there would not be probable cause." *U.S. v. Blevins*, 755 F.3d 312 (5th Cir. 2014) (*quoting United State v. Davis*, 226 F.3d 346, 351 (5th Cir. 2000)). Although the trial court agreed with the defendant's argument that his implication in the crime "arise[d] out of an unlawful and false identification obtained by deficient measures," there was simply no evidence presented at the hearing to indicate that the identification process was deficient or that the victim's identification was unlawful or false.[3]

We find that the victim's contradictory statement, when considered with the facts included in the affidavit, did not negate the existence of probable cause for the defendant's arrest. While the time-lapse between the offense and the victim's identification was not explained in the affidavit, it reflects the date and the circumstances of the victim's interview with law enforcement.[4] Detective Pineda's affidavit did mention the victim's incarceration status and his admission of narcotics involvement.

Furthermore, the district court abused its discretion in failing to conduct a good-faith inquiry into whether the patrol deputies who executed the warrant believed it to be validly issued pursuant to *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 67 (1984). *See State v. Davis*, 17-642 (La. App. 5 Cir. 12/11/17)(unpublished writ disposition).

Accordingly, we grant the State's writ application and reverse the trial court's ruling granting the defendant's motion to suppress.

Gretna, Louisiana, this 26th day of May, 2021.

**JJM**
**FHW**
**SJW**

---

[3] We do note that a motion to suppress identification was previously granted in this case, but no evidence of the allegations in that motion were presented at this hearing. Also, this court vacated the granting of that motion without a required evidentiary hearing. *See State v. Dennis*, 21-58 (La. App. 5 Cir. 3/4/21) (unpublished writ disposition).

[4] The judge issuing the warrant could have inquired into the nine-month delay, as "magistrates remain perfectly free to exact such assurance as they deemed necessary . . .in making probable cause determinations." *Illinois v. Gates*, 462 U.S. 213, 240, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/26/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

**21-K-180**

**E-NOTIFIED**
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Justin B. LaCour (Relator)

Honorable Bridget A. Dinvaut (Relator)
Deborah Love (Respondent)

**MAILED**