STOKER, Judge.
Defendant was charged by bill of information with aggravated burglary in violation of LSA-R.S. 14:60 and attempted first degree murder in violation of LSA-R.S. 14:27 and 14:30. A jury of 12 convicted defendant of aggravated burglary and aggravated battery. The trial judge granted defendant’s unopposed motion to arrest judgment on the aggravated battery conviction. Defendant was sentenced to serve 20 years at hard labor for the aggravated burglary conviction. Defendant appeals, assigning as errors that his sentence is excessive and all errors patent. We affirm.
EXCESSIVE SENTENCE
By this assignment of error, defendant contends his sentence of 20 years on the aggravated burglary conviction is excessive. Article 1, Section 20 of the Louisiana Constitution (1974) prohibits excessive punishment as well as cruel and unusual punishment. On appeal a defendant may raise the issue of excessive sentence even though his sentence is within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
An excessive sentence is one which “(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime.” State v. Telsee, 425 So.2d 1251 (La.1983). In reviewing an excessive sentence claim the appellate court should look to the reasons articulated by the trial judge for assistance in determining whether a sentence is excessive. State v. Bourgeois, 406 So.2d 550 (La.1981).
The initial focus in reviewing an excessive sentence claim should be on the nature of the offense and the offender. In considering the nature of the offender, the trial judge concluded that because of defendant’s serious drug and alcohol addiction and his inability to successfully complete a substance abuse program, an unstructured, unincarcerated treatment would not be feasible.
We turn now to the nature of the offense. Defendant forced open the side window of his great-grandmother’s home in search of money. Finding no money; defendant attacked his sleeping great-grandmother with a hatchet. At the time of the offense, the victim was in her eighties and nearly deaf and blind and defendant was nineteen. The injuries suffered by the vie- *996 tim at the defendant’s hands required 30 stitches to her head. In addition to the severe head injuries, the victim also suffered various bruises to her right arm and lower back. However, this elderly, disabled woman was able to take the hatchet away from defendant and drive him from her home. The actions of the defendant caused serious harm to the victim and defendant should have contemplated that his conduct would cause serious harm. Defendant admitted to the investigating officer that he had committed the offense. However, defendant also indicated that he does not “remember a thing” and the offense must have occurred during a drug or alcohol “black-out.” Although defendant may have been under the influence of drugs or alcohol at the time of the offense, voluntary intoxication should not be considered as a substantial ground tending to excuse or justify defendants conduct. Moreover, the victim was asleep at the time of the attack, therefore she could not have induced or facilitated the commission of this crime.
A review of defendant’s history is also relevant. As noted by the trial judge, defendant was arrested in 1985 for peeping tomism, resisting arrest, criminal trespass, obscenity and attempted simple burglary of an inhabited dwelling. The charges stemming from the 1985 arrest were dismissed as defendant promised to attend a drug abuse program. Initially, defendant kept his promise and attended the Lafayette Alcohol and Drug Abuse Clinic from December, 1985 until February, 1986. When defendant began failing to attend his appointments, the clinic sent him a letter but defendant never returned to the clinic. As the charges were dismissed, the trial judge indicated they would not be considered as aggravating factors and that, technically, defendant is a first felony offender. However, it should be noted that an attempted burglary of an inhabited dwelling charge is still pending against defendant in Lafayette District Court.
Given defendant’s serious substance abuse problems, the trial judge concluded it was not likely that defendant would respond affirmatively to probationary treatment and that his substance abuse treatment would be best administered in a monitored setting of confinement. Finally, since the defendant is single and has no children, the trial judge concluded imprisonment of defendant would not entail economic hardship to his family.
Given the nature of the offense and the offender’s history, it cannot be said that the trial judge manifestly abused his discretion in sentencing defendant to 20 years at hard labor, which is substantially less than the maximum penalty of 30 years. Therefore, this assignment of error lacks merit.
ERRORS PATENT
A review of the record revealed no errors patent, therefore this assignment of error lacks merit.
DECREE
Accordingly, for the reasons expressed herein, the sentence is affirmed.
AFFIRMED.