McDonald, j.
lain this worker’s compensation case, an employer appeals a judgment finding that an employee was in the course and scope of his employment at the time of his death. We reverse.
FACTS AND PROCEDURAL HISTORY
This matter arises from a December 6, 2004 head-on collision in which the plaintiffs husband, Stanley Lockman, police chief of the Town of Maringouin, was killed by a drunk driver while on a personal errand outside of his jurisdiction.
Mr. Lockman was elected chief of police of the Town of Maringouin, a Lawrason Act municipality,[1] approximately two years before his death. A police chief in a Lawrason Act municipality has general responsibility for law enforcement in the municipality, and is charged with the enforcement of all ordinances and state laws within the municipality. Other duties of a police chief in a Lawrason municipality include making recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel, and such other duties as required of him by ordinance. La. R.S. 33:423. As the chief of police of the Town of Marin-gouin, Mr. Lockman had no set schedule, but was subject to duty whenever something arose that required his attention.
At the time of Mr. Lockman’s accident, the town’s police department employed nine police officers who patrolled the town on weekends, from 6:00 P.M. on Fridays until 6:00 A.M. on Mondays; during the week, patrol duty was handled by the Iber-ville Parish Sheriffs Department pursuant to an intergovernmental cooperative agreement. This agreement provided that 1 .¡during the time periods when the Iber-ville Parish Sheriffs Department is responsible for law enforcement, the department and the police chief enjoy concurrent jurisdiction within the town. The accident in which Mr. Lockman was killed occurred on a Monday night, when the Iberville Parish Sheriffs Department and the police chief had concurrent jurisdiction. In addition to his law enforcement employment, Mr. Lockman also owned a sugar cane hauling truck which he operated as an additional business. Mr. Lockman was also employed as a lieutenant with the Iberville Parish Sheriffs Department, but he was on medical leave from this employment at the time of his death.
The Town of Maringouin supplied Mr. Lockman with an unmarked vehicle, equipped with a two-way radio and a bubble light, which he used both on and off duty. He was not charged for his personal use of this vehicle. Mr. Lockman was driving this vehicle when involved in his fatal accident. Mr. Lockman was also provided a cell phone by the Town of Marin-gouin, which he used on the night of the accident.
On the night of the accident, Mr. Lock-man left the Town of Maringouin to visit *830 his mother in the hospital in Baton Rouge. He then brought an employee of his trucking company home. On his way back home, outside of his jurisdiction, in West Baton Rouge Parish, he was involved in the fatal accident.
Mrs. Lockman was notified by a March 31, 2005 letter that her claim for worker’s compensation benefits was denied because Mr. Lockman was not in “the course and scope of his employment” as police chief of the Town of Maringouin when involved in the fatal accident. This determination was based on the fact that Mr. Lockman was outside of his jurisdiction and was not responding to a call for the town at the time of his death. Mrs. Lockman 14filed a disputed claim for compensation on October 3, 2005, seeking death benefits and funeral expenses, along with penalties and attorney’s fees. Mrs. Lockman alleged that Mr. Lockman was on call twenty-four hours a day as the police chief and, at the time of the accident, was driving the vehicle provided to him by the town of Marin-gouin, thus he was in “the course and scope of his employment.”
The worker’s compensation judge found that Mr. Lockman was in fact in “the course and scope of his employment” at the time of his death, stating:
... everybody knows that he is on call 24/7. If you’ve got a problem ... you can pick up the phone and call his house or you can flag him down in the middle of the road.
[[Image here]]
What is important in this matter is that he was in his vehicle supplied to him by the Town of Maringouin for his duties as the Chief of Police. He had his two-way radio in the vehicle; he had his light in the vehicle. He had on him and had used that night his cell phone supplied to him by the town of Marin-gouin.
If he were not the Chief of Police; if he were one of the part-time police officers — even if he were in his capacity as a deputy sheriff I’m not sure I would make the same call that I’m making today. I’m finding that he’s in the course and scope of his employment because he’s the Chief of Police. He is the one that everyone in this small town looks to for security. Yes, the Iberville Parish Sheriffs Office, of which he was a lieutenant also, supplies security and law enforcement Monday through Friday, 6:00 A.M. to 6:00 P.M. and he is totally responsible on the weekends, but because he is the Chief of Police in this little town and it is stipulated, everybody agrees, he’s on call all the time, everybody knows that you can go to him at any time.
The worker’s compensation judge found that Mr. Lockman was within the provisions of La. R.S. 23:1034.1 at the time of his death, and that Mrs. Lockman was entitled to worker’s compensation death benefits. It is from this judgment that the Town of Maringouin appeals.
[.DISCUSSION
Louisiana Revised Statutes 23:1034.1 provides:
Any law enforcement officer employed by any municipality, who, while on or off duty, and outside his jurisdiction, but within the State of Louisiana, performs any law enforcement action and is injured shall be entitled to the provisions for compensation as provided herein and shall be paid such workers’ compensation benefits by the municipality by which he is employed.
It is undisputed that Mr. Lockman was outside of his jurisdiction at the time of his fatal accident. Mrs. Lockman argues that Mr. Lockman’s mere presence on the streets in his police vehicle constitutes “pa *831 trolling,” which is a law enforcement action, putting him in the course and scope of his employment at the time of his death. The Town of Maringouin argues that because Mr. Lockman had no authority to act outside of his own jurisdiction, his act of driving the police car cannot be considered patrolling.
The worker’s compensation judge cited Johnson v. Dufrene, 433 So.2d 1109 (La. App. 4 Cir. 5/20/83), in support of her decision. In Johnson, the Fourth Circuit found an off-duty police officer to be in the course and scope of his employment while driving his mother home from a birthday party in his unmarked police vehicle. Johnson was not a worker’s compensation case; it was a tort suit stemming from an automobile accident involving an off-duty police officer driving an unmarked police vehicle. Alvin Dufrene was a sergeant in the New Orleans Police Department and commander of the public records unit. Because it was essential to the police department that its records be available twenty-four hours a day, and because the machines on which the records were stored sometimes malfunctioned, Dufrene was selected to receive special training on how to [ficorrect malfunctions in the filing machines. Dufrene was also the custodian of the department’s major felony reports and was the only person with access to those records after normal working hours. Because of these unique circumstances, Dufrene was “on call” twenty-four hours a day. Dufrene was instructed to use his unmarked police vehicle, which was equipped with a police radio, at all times, so that even while driving on a personal mission, he would be available to return to headquarters to repair the records machines at a moment’s notice. The court held that this set of facts compelled the conclusion that Dufrene was within the course and scope of his employment at the time of his accident:
It does not stretch the meaning to say that Dufrene conferred a “benefit” to his employer every time he rode in his own police car rather than, for instance, his wife’s personal automobile. By virtue of the car’s police radio, he was accessible, and his accessibility was deemed vitally necessary to the N.O.P.D. in the performance of its most important functions. Similarly, driving the police car even while on personal missions was itself a part of Dufrene’s duty to remain “on call” and subject to his employer’s control. Thus, it cannot be said that Sergeant Dufrene’s mission was purely personal. Being “on call” at all times, he was therefore duty-bound to use his police car rather than another, and in carrying out that duty, he performed a function of his employment.
As previously noted Johnson is not a workers’ compensation case. It is a tort case. Unlike the matter before us, the issue in Johnson was whether the officer was in the course and scope of his employment so that his employer could be held vicariously liable to a third party for his negligence. Even though the facts in the case sub judice are very similar to those in Johnson, the issue is totally different. Essentially, the issue before us is whether Mr. Lockman was performing any law enforcement action. The Workmen’s Compensation benefit offered to law enforcement officers pursuant to LA. 23:1034.1 is applicable when they are injured, while on or |7off duty, and outside their jurisdiction, but within the State of Louisiana, and performing a law enforcement action.
It is easy to see how the Workers’ Compensation Judge went down the wrong path. However, she almost reached the correct conclusion, having made the appropriate distinction in her findings of fact, she stated:
*832 ... if she had been stalled on the side of the road, I feel certain he would have felt it necessary to assist her; not just as a man might assist a woman, but because he’s the chief of police for this little town down the road; he would have done that. Had somebody hit him coming the other way, because he’s assisting her, it’s the same thing ...
The Workers’ Compensation Judge is absolutely correct and the statute would cover such an action because it would be a law enforcement action. Thus, an officer outside his normal jurisdiction who stops to assist a wreck, who stops a traffic violator and summons the local agency, or who stops to assist a local agency in traffic control or in pursuit of a suspect would be covered if injured. No doubt the intention of the legislature in enacting this amendment to the law was to provide coverage for law enforcement officers injured while engaging in a law enforcement action even if they were off duty and outside of their jurisdiction.
In her brief, the appellee argues concerning the legislative intent behind La. R.S. 23:1034.1. She states:
The very nature of the job of a police officer means that the police officer may not always be called upon to render services to the public in his given jurisdiction. Moreover, the very nature of the job of a police officer means that the police officer may not always be called upon to render serves (sic) to the public while he is on duty. Instead, the very nature of this job requires that the police officer be ready to render services at any time ... The legislative history of La. R.S. 23:1034.1 suggests that the legislature recognized the risk inherent in the job of a law enforcement officer and reflects a legislative desire that law enforcement officers be covered under the Workers’ Compensation Act.
|8We have no disagreement with this argument. However, the result it intends does not follow. The legislative decision to provide workers’ compensation benefits to law enforcement officers pursuant to La. 23:1034.1, the statute on which the workers’ compensation judge relied, requires the officer to be injured while performing a law enforcement action. Mr. Lockman was not performing any law enforcement action at the time of the accident. Therefore, he is not entitled to the benefits of the statute conferring workers’ compensation coverage.
DECREE
For these reasons, the judgment appealed is reversed. Costs of this appeal are assessed to the appellee, Shirley G. Lock-man.
REVERSED.
GAIDRY, J., dissents and assigns reasons.

. See, La. R.S. 33:321, et seq.