# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-480

**STATE OF LOUISIANA**

**VERSUS**

**KENNETH K. PREJEAN**

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 48,526
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

************

## DAVID E. CHATELAIN[*]
## JUDGE

************

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain, Judges.

**AMENDED IN PART; AFFIRMED AS AMENDED;
AND REMANDED WITH INSTRUCTIONS.**

**Michael Harson**
**District Attorney**
**Laurie A. Hulin**
**Assistant District Attorney**
**100 North State Street, Suite 215**
**Abbeville, Louisiana 70511**
**(337) 898-4320**
**Counsel for:**
     **State of Louisiana**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**G. Paul Marx**
**Attorney at Law**
**Post Office Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**Kenneth K. Prejean**

**CHATELAIN, Judge.**

The defendant, Kenneth K. Prejean, appeals, asserting that his twenty-year sentence for aggravated burglary is excessive. We amend in part to address two errors patent, affirm as amended, and remand with instructions.

## FACTS AND PROCEDURE

On September 18, 2007, the defendant knocked on the door of Bettye Miller's (hereafter Ms. Miller) home in Abbeville and asked where the Attaways lived. Ms. Miller did not know where the Attaways lived, so she allowed the defendant to use her cordless telephone while he was on her carport. The defendant returned to the truck in which he had arrived, spoke to someone, and returned to the door. The defendant then entered Ms. Miller's home, said, "Give me the money," and brandished a knife. At that time, Ms. Miller gave the defendant $20.00 she had in her purse and $106.00 she had been saving for her grandchildren. The defendant cut the phone line before leaving Ms. Miller's home.

On March 5, 2008, the State charged the defendant by bill of information with aggravated burglary, a violation of La.R.S. 14:60. After the defendant entered a plea of not guilty, a bench trial was held on August 25, 2009; on that date, the trial judge found the defendant guilty as charged. On January 11, 2010, after considering a pre-sentence investigation report, the trial judge sentenced the defendant to serve twenty years at hard labor without benefit of parole, probation, or suspension of sentence.[1] Thereafter, the defendant filed a motion to reconsider sentence, urging that his sentence was excessive. On February 25, 2010, following a contradictory hearing, the trial court denied the defendant's request to reconsider the sentence imposed.

---

[1] See our later errors patent discussion of the trial court's imposition of sentence without benefit of parole, probation, or suspension of sentence.

1

**EXCESSIVENESS OF SENTENCE**

The defendant contends that the trial court failed to comply with La.Code Crim.P. art. 894.1 when it imposed a twenty-year sentence where there were other culpable co-defendants, the offense was committed under the influence of drug intoxication, and the trial court did not specifically note the basis for its sentencing choice. The defendant further argues that the sentence imposed was excessive.

Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to set forth the specific grounds on which a motion to reconsider may be based. Failure to include a specific ground upon which a motion to reconsider sentence may be based "shall preclude . . . the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." *Id.* In the present case, although the defendant generally raised the issue of excessiveness in his motion to reconsider sentence, he failed to specifically allege that the trial court failed to consider the factors of La.Code Crim.P. art. 894.1. Accordingly, because that claim was not specifically set forth in his motion to reconsider, it cannot be reviewed in this appeal, *State v. Landry*, 09-260 (La.App. 3 Cir. 11/4/09), 21 So.3d 1148, *writ denied*, 09-2577 (La. 5/21/10), 36 So.3d 229, and our review of the defendant's sentence is restricted to his bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993).

The sentencing court has broad discretion in imposing penalties for criminal convictions:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless

imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted). "The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Louisiana Revised Statutes 14:60 sets forth the sentencing range for aggravated burglary, as follows: "Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years." Therefore, in the present case, the defendant's sentence is within the statutory range legislatively provided for the crime of aggravated burglary and is two-thirds of the maximum allowable sentence thereunder.

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

3

At sentencing, the trial court referenced the pre-sentence investigation report and noted that the defendant had eight prior felony convictions[2] and that several of those involved crimes of violence. The trial court stated that it would accept the Louisiana Department of Corrections' sentencing recommendation and sentenced the defendant accordingly. The trial court further recommended that the defendant undergo substance abuse treatment during his period of incarceration.

When the defendant's motion for reconsideration of sentence was heard, defense counsel noted that the other participants involved in the present offense received considerably lesser sentences.[3] Accordingly, he urged this in support of his argument that the defendant's sentence was excessive.

There is no requirement that co-defendants receive equal sentences. *See State v. Taylor*, 01-1638 (La. 1/14/03), 838 So.2d 729, *cert. denied*, 540 U.S. 1103, 124 S.Ct. 1036 (2004); *State v. Rogers*, 405 So.2d 829 (La.1981). Notwithstanding, in *State v. Quimby*, 419 So.2d 951, 962 (La.1982), our supreme court stated:

> This does not mean that disparity in sentences of co-defendants with similar backgrounds, charged with similar participation in identical crimes may not be considered as a factor in determining whether a sentence is excessive and out of proportion to the severity of a crime. It is only a factor to be considered along with all other appropriate considerations when there is no reasonable basis in the record for the disparity. *State v. Sims*, 410 So.2d 1082 (La.1982).

"In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intends that the [trial court] shall exercise [its] sentencing

---

[2]Although the defendant expressed surprise at the trial court's statement in this regard, he presented nothing to contradict the trial court's appreciation of his criminal history. Moreover, the record nonetheless reflects that the defendant was arrested thirty-four times since 1993; among the crimes listed are: aggravated battery with a dangerous weapon; second degree battery; theft; illegal possession of stolen goods; parole violation; manufacture, distribution, and possession of Schedule I drugs; possession of marijuana; forgery; and unauthorized entry of an inhabited dwelling.

[3]Even though defense counsel argued that two co-defendants received suspended sentences and another received a one-year sentence, the record is void of any evidence to that effect.

4

discretion to impose sentences gradated according to the individualized circumstances of the offense and of the offender." *State v. Sepulvado*, 367 So.2d 762, 766 (La.1979). Indeed, the individualization of a sentence cannot be accomplished "without independently considering the merits of each case." *State v. Day*, 414 So.2d 349, 352 (La.1982). Simply stated, "[d]isparities are inherent in a system where punishment is tailored to fit the defendant and the crime." *Id.*

Against that backdrop, it is clear that the trial court in the present case heeded those statutory requirements and jurisprudential admonitions. As reflected in the colloquy at the hearing on the defendant's motion to reconsider sentence, the State, without any assertion to the contrary by the defendant, emphasized that the defendant was more culpable of this crime than his co-defendants. In making that assertion, the State stressed that it was the defendant who approached the victim, entered her home without her permission, brandished the knife, and stole from her. Accordingly, we find our review of the record fully justifies the disparity in the sentences of the co-defendants and exhibits that the trial court truly individualized the sentence to this defendant.

We further find that a comparison of sentences for similarly situated defendants and a like crime shows that the trial court's sentencing choice in the present case conforms with rather than deviates from those cases. *See State v. Williams*, 448 So.2d 659 (La.1984) (a twenty-one year old defendant with two prior convictions was sentenced to twenty years for the aggravated burglary of a sixty-one year old woman who resided alone); *State v. Cormier*, 534 So.2d 994 (La.App. 3 Cir. 1988), *writ denied*, 587 So.2d 691 (La.1991) (a twenty-year sentence for a first-time offender for

5

the aggravated burglary of the defendant's great-grandmother's home was not excessive where the defendant armed himself with a hatchet).

For the foregoing reasons, we cannot say that the defendant's twenty-year sentence is excessive. Therefore, the defendant's assignment of error lacks merit.

## ERRORS PATENT REVIEW

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After carefully reviewing the record, we found two errors patent—one concerning restrictions the trial court placed on the defendant's sentence and another regarding the notification the trial court provided the defendant concerning the time limitation for filing an application for post-conviction relief.

Initially, we observe that the trial court imposed the defendant's twenty-year sentence for aggravated burglary without benefit of parole, probation, or suspension of sentence. Louisiana Revised Statutes 14:60 provides that a person convicted of aggravated burglary "shall be imprisoned at hard labor for not less than one nor more than thirty years." The statute does not restrict parole, probation, or suspension of sentence. Notwithstanding, La.Code Crim.P. art. 893 prohibits the court from suspending and placing on probation persons convicted of various crimes of violence, including aggravated burglary. *See* La.R.S. 14:2(B)(20) (specifying aggravated burglary as a crime of violence). It does not prohibit parole. La.Code Crim.P. art. 893. It is evident that the trial court erred when it ordered the defendant's sentence served without benefit of parole. Therefore, we amend the defendant's sentence to delete the denial of parole eligibility and instruct the trial court to make a minute entry reflecting this amendment. *State v. Batiste*, 09-521 (La.App. 3 Cir. 12/9/09), 25 So.3d 981.

6

Additionally, our review of the record shows that the trial court incorrectly informed the defendant regarding the time limitation for filing an application for post-conviction relief. Although the court minutes show that the trial court correctly advised the defendant that he had two years from final judgment of conviction to file for post-conviction relief, the sentencing transcript indicates that the trial court incorrectly informed the defendant that the two-year period commenced from the date of sentencing.

Louisiana Code of Criminal Procedure Article 930.8 provides that the time period for filing an application for post-conviction relief is two years and that it begins to run when the judgment of conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 and 922. Because of the contradictory information provided the defendant, we instruct the trial court to inform the defendant of the correct provisions of Article 930.8 by sending written notice to him within ten days of the rendition of this opinion and to file written proof in the record that the defendant received the notice.

**DECREE**

For the foregoing reasons, we amend the defendant's sentence to delete the denial of parole eligibility and instruct the trial court to make an entry in the minutes that reflects that change. Additionally, we order the trial court to inform the defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file proof in the record that the defendant received the notice. As amended and for the foregoing reasons, we affirm the defendant's sentence.

**AMENDED IN PART; AFFIRMED AS AMENDED; AND REMANDED WITH INSTRUCTIONS.**

7