NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-253

STATE OF LOUISIANA

VERSUS

MICHAEL L. LARRY

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76313
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and John E. Conery, Judges.

AFFIRMED.

**Annette Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Michael L. Larry**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**Assistant District Attorney**
**30th Judicial District Court**
**Post Office Box 1188**
**Leesville, Louisiana  71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**CONERY, Judge.**

Defendant, Michael L. Larry, was charged by bill of information filed on April 8, 2009, with possession of cocaine, a violation of La.R.S. 40:967. Defendant entered a plea of not guilty on September 4, 2013. On September 6, 2013, Defendant withdrew his former plea and entered a plea of guilty. Defendant was sentenced on November 12, 2013, to serve four years at hard labor. A motion to reconsider sentence was filed on December 9, 2013, and was subsequently denied. A motion for appeal was filed on January 7, 2014, and was later granted. Defendant is before this court asserting one assignment of error wherein he contends that his sentence is excessive. We find that Defendant's claim lacks merit and affirm.

## FACTS

On November 24, 2008, Defendant was operating a vehicle that was stopped because of a traffic violation. Thereafter, police executed a search warrant at Defendant's residence. During the search, police found residue in a cigar box in a trash can. The residue was tested and determined to be cocaine.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## DISCUSSION

In his sole assignment of error, Defendant contends the four year hard labor sentence imposed by the trial court violates U.S. Const. amend. VIII and La.Const. art. 1, § 20, as it is nothing more than cruel and unusual punishment, and thus, excessive.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in [*State v.*] *Lisotta*, 726 So.2d [57] at 58 [(La.App. 5 Cir. 1998)], stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.

Defendant pled guilty to possession of cocaine, which is punishable by imprisonment for not more than five years with or without hard labor. La.R.S. 40:967(C)(2). Defendant received a sentence of four years at hard labor.

Defendant testified at the sentencing hearing. He indicated he was thirty-seven years old, married, and had four children. Defendant admitted that he had been convicted of aggravated assault and burglary of an inhabited dwelling in Mississippi. Further, Defendant testified that he was out on bond for a drug

2

offense he committed in Indiana at the time he was arrested for the offense at issue herein. After Defendant's arrest in Vernon Parish, he was extradited to Indiana and was incarcerated there for three and one-half years. While he was incarcerated in Indiana, Defendant participated in a nine month drug rehabilitation program, a six month anger management program, and a literacy program. Defendant also took the GED exam but failed one part of the test. Further, Defendant had sought to have the Louisiana detainer placed on him lifted because it prevented him from having his sentence in Indiana modified.

Defendant was released in Indiana on August 26, 2013, and was extradited back to Louisiana to face the subject charges. Defendant testified that he had not been out of jail in the past four years and was to be on probation for two years following his release in Indiana. Defendant indicated that, upon his release, he had a family waiting on his return, a place to live, and a job at a landscaping company in Indiana.

After Defendant testified, the trial court imposed sentence, stating the following:

> As he has stated in his testimony, he is approximately 37 years of age, has four children, and is married. There was a plea agreement in this case that there would be no habitual offender proceedings filed if he entered a guilty plea, which he has done.
>
> This is, of course, a drug case and with all drug cases there is economic harm and impact on society in general. There were no grounds to justify this defendant's conduct. He did not act under any provocation from any victim or any other person. As I stated, I think this defendant is in good health. He has a prior employment record in that he worked at a casino as a cook and has worked as a ranch farmhand at some point in time in Mississippi. He has an eleventh grade education. He does have some history of drug and alcohol abuse and does have a history of receiving drug and alcohol treatment. He does have a prior criminal record in that in 1995 he was convicted in Mississippi of aggravated assault and burglary, and then in 2005, he was convicted in Indiana of two counts of possession of cocaine as

3

well. It does not appear that this defendant is a person who is likely to respond to probationary treatment and that he is in need of correctional treatment. Any sentence lesser than the one that I'm going to give would deprecate the seriousness of this defendant's offense.

Defendant argues the trial court did not give sufficient consideration to his rehabilitative attempts, including the substance abuse treatment and the programs he completed while incarcerated in Indiana. Defendant further argues that, based upon the small amount of cocaine, his prior drug abuse history, the lengthy delay between arrest and sentencing, the lost opportunities in Indiana as a result of the Louisiana detainer, the programs he completed after the instant offense, and the need to support his four children, a lesser sentence would have better served the needs of society.

However, in his motion to reconsider sentence, Defendant merely claimed his sentence was excessive. For this reason, we find that Defendant's particular concerns regarding his sentence cannot be addressed herein as such issues are precluded from review. *See* La.Code Crim.P. art. 881.1(E); *State v. Prejean*, 10-480, p. 2 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 251. We will, however, perform a bare excessiveness review of Defendant's sentence.

As previously stated, the record indicates the trial court considered the nature of the offense and Defendant's background prior to imposition of sentence and discussed such on the record. The current offense was Defendant's fourth felony offense. Additionally, as part of a plea agreement, the State dismissed charges in trial court docket numbers 76,314 and 76,315 and agreed that it would not charge Defendant as a habitual offender. *See State v. McCorkle*, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212; *State v. Whitfield*, 08-641 (La.App. 3 Cir. 12/10/08), 998 So.2d 935; *State v. Thornton*, 44,077 (La.App. 2 Cir. 4/8/09), 8

4

So.3d 830. Thus, in light of Defendant's criminal history, the benefit received from the plea bargain, and the jurisprudence, Defendant's sentence is not excessive.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is **not designated for publication**. Uniform Rules—Courts of Appeal, Rule 2–16.3.