NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-139

STATE OF LOUISIANA

VERSUS

RICKY LEE COX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-531-13
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.

AFFIRMED.

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
    Ricky Lee Cox

**Michael C. Cassidy**
**District Attorney**
**Bennett R. LaPoint**
**Assistant District Attorney**
**Thirty-First Judicial District**
**P. O. Box 1388**
**Jennings, LA 70546**
**(318) 824-1893**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PETERS, J.**

The State of Louisiana originally charged the defendant, Ricky Lee Cox, with aggravated burglary, a violation of La.R.S. 14:60. He pled guilty to the charge, the trial court sentenced him to fifteen years at hard labor, and he now appeals his sentence. For the following reasons, we affirm the sentence in all respects.

The defendant does not dispute that on August 13, 2013, he entered the home of Dr. Vince Bailey in Jennings, Louisiana, armed with a machete and a hunting knife. Dr. Bailey was asleep in his home when the defendant entered, and the barking of his dog caused him to wake up. He armed himself with a shotgun, confronted the defendant as he collected numerous items belonging to Dr. Bailey, ordered him to surrender his weapons, and held him at gunpoint until law enforcement officers arrived. Some items had already been removed from the house by the defendant, and the investigating officers recovered them at the scene.

The State of Louisiana (state) charged the defendant by bill of information on September 23, 2013. The defendant initially entered a not-guilty plea on September 30, 2013, but changed his plea to guilty as charged on September 18, 2014. When the defendant entered his guilty plea, there was no plea agreement in place. On November 24, 2014, the trial court sentenced the defendant to fifteen years at hard labor. In sentencing the defendant, the trial court stated the following:

> In reviewing the pre-sentence investigation, the Court takes note of the fact that you are 32 years of age, and that you have young children. This has been taken into consideration in mitigating against imposition of the maximum sentence in this matter. However, the Court can find no other mitigating factors. The Court also takes note that this is your second felony conviction. In addition you entered a private residence at night armed with a knife, and a machete while the homeowner was present, and you further armed yourself with firearms once you had entered into the home. You had already been into the

home and taken some items and w[ere] returning for a second load. It is only because you were confronted by the homeowner that you were apprehended.

The defendant timely filed a motion to reconsider his sentence, which the trial court rejected after a January 5, 2015 hearing. He timely filed this appeal, asserting in his only assignment of error that the sentence imposed is excessive.

The defendant asserts that his sentence is excessive because it "serves no useful purpose and is constitutionally excessive." While admitting that he was armed[1] when he entered Dr. Bailey's house, the defendant suggests that he did not "act aggressively" towards Dr. Bailey when Dr. Bailey confronted him with a loaded shotgun. Furthermore, the defendant asserts that in sentencing him, the trial court did not address his substance abuse problem and that he needs to remain free to care for his two minor daughters.

The offense of aggravated burglary is punishable by imprisonment "at hard labor for not less than one nor more than thirty years." La.R.S. 14:60(B). Thus, the sentence imposed by the trial court is a mid-range sentence within the statutory sentencing limits.

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more

---

[1] The defendant asserts that he was armed only with the machete when he first entered the doctor's home, and that the knife was one of the things he was in the process of taking from the doctor.

2

than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

While the defendant may be relatively young and the caregiver of two small children, he entered a private residence at night armed with a dangerous weapon and at a time when the owner would most likely be home. Additionally, the defendant failed to establish a history of substance abuse that would rise to the level of a mitigating factor. Finally, this is the defendant's second felony conviction and, had the state chosen to treat him as a habitual offender, under

3

La.R.S. 15:529.1(A)(1), his sentencing exposure would have been not less than fifteen years and not more than sixty years at hard labor.

As noted in *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, "[t]he relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." Given the record before us, we cannot say that the trial court abused its discretion in sentencing the defendant to a mid-range sentence of fifteen years. *See State v. Prejean*, 10-480 (La.App. 3 Cir. 11/3/10), 50 So.3d 249 and *State v. Cormier*, 534 So.2d 994 (La.App. 3 Cir. 1988), *writ denied*, 587 So.2d 691 (La.1991) wherein twenty-year sentences were upheld.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION
Uniform Rules—Courts of Appeal, Rule 2-16.3